## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| **UNITED STATES OF AMERICA** | * |  |
| v. | * | **CRIM. NO.  JKB-14-0245**<br>**CIVIL NO. JKB-16-1762** |
| **THOMAS MIMS,** | * |  |
| **Defendant.** | * |  |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MEMORANDUM AND ORDER

On September 17, 2014, Defendant Thomas Mims pleaded guilty to one count of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count Two), and one count of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Three).  (ECF Nos. 16, 17.)  According to Mims's plea agreement, the § 924(c) charge in Count Three was predicated on the attempted Hobbs Act robbery.  (ECF No. 17 at 2.)  Mims was sentenced to 96 months' imprisonment on Count Two and 84 months' imprisonment on Count Three, to run consecutively for a total of 180 months.  (ECF No. 25.)

Now pending before the Court is Mims's Motion to Vacate Judgment under 28 U.S.C. § 2255.  (ECF No. 30.)  Pursuant to 18 U.S.C. § 924(c), an additional term of incarceration may be imposed upon "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm."  The "crime of violence" underlying Mims's § 924(c) charge was attempted Hobbs Act robbery.  (ECF No. 25.)  This offense no longer qualifies as a crime of violence, in light of the Supreme Court's recent opinion in *United States v. Davis*, 139 S. Ct. 2319 (2019), and the Fourth Circuit's subsequent

1

opinion in *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020).  In *Taylor*, the Fourth Circuit held that attempted Hobbs Act robbery is no longer a "crime of violence" under § 924(c). Despite acknowledging the Fourth Circuit's recent decision in *Taylor*, the government characterizes *Taylor* as a "legal anomaly."  (ECF No. 45 at 8.)  Accordingly, the government asks this Court to wait for the Solicitor General's Office to seek certiorari so the Supreme Court can review the Fourth Circuit's decision.  (*Id.* at 7–8.)  In reply, Defendant correctly notes that *Taylor* is binding precedent that this Court must follow (ECF No. 46 at 2), and this Court will readily do so.

Accordingly, Mims is entitled to a resentencing in the criminal case of *United States v. Mims*, Criminal No. JKB-14-0245.  The Court hereby orders:

1. Defendant's Motion to Vacate Judgment under 28 U.S.C. § 2255 (ECF No. 30) is GRANTED.

2. The Clerk is directed to CLOSE the civil case of *Mims v. United States*, Civil No. JKB-16-1762.

3. The Court will hold a resentencing hearing on May 17, 2021 at 2 p.m. in Courtroom 5A.  On or before April 26, 2021, both parties are directed to submit statements with their positions as to what Mims's new sentence should be.

DATED this _17_ day of March, 2021.

BY THE COURT:

James K. Bredar
Chief Judge

2